MAHALA SHERMAN, complainant,

*v.*

FRANK GLEASON et ux., defendants.

[Decided July 7th, 1925.]

Conveyances—Bill to Reconvey by Grantor, an Aged Woman—
Misrepresentation, Fraud or Undue Influence Not Shown—
Grantor, Apparently, Did What She Wanted to do—Relation
of Trust and Confidence Existed Between Grantor and Gran-
tee, Placing Burden on Grantee to Show Neither Deception
Nor Undue Influence and That All Was Fair, Which He Has
Done—Not a Case Coming Within Rule Requiring Inde-
pendent Advice.

On final hearing.

*Mr. James J. McGoogan,* for the complainant.

*Mr. Harry J. Able,* for the defendants.

BUCHANAN, V. C.

The bill is filed by complainant, a widow aged seventy-six
or seventy-seven years, for decree for reconveyance to her
of premises conveyed by her to defendant Gleason in May,
1924, on the ground that the conveyance was without con-
sideration; was improvident and stripped her of most of her
property; was made by her without fully understanding the
nature and effect of the transaction and without her having
independent advice, and ·was the result. of undue influence
by defendant. The deed reserved a life estate to complainant.

The evidence shows that defendant occupied a position
toward complainant almost like that of an adopted son; that
she had repeatedly expressed her intention of giving him the
property when she died; that, in addition to the farm, she
had some household goods (and, presumably, farm imple-

ments), and an annuity of nine hundred dollars ($900) a year. Defendant occupied a position of confidence toward complainant; he had a power of control over her bank account, which he had never exercised, and she, naturally, considered his advice, though she was by no means dominated or controlled by him.

It clearly appears that the intent of both parties was to protect both against the possibility that other persons less scrupulous might get the property away from her, thus depriving her of her means of support, and depriving defendant of his expected testamentary benefaction, and also of payment of an indebtedness of three thousand dollars ($3,000), which I am satisfied existed from complainant to defendant.

Defendant was not guilty of misrepresentation, fraud or undue influence. His lawyer, who drew the deed, explained the nature of the transaction to her, and sent her to another lawyer, for her to make like inquiry. The evidence, as a whole, leaves no practical doubt but that she understood that she was giving to defendant the title to the property, which was to remain in her possession and control until her death, she having the use and income therefrom, and defendant getting possession and benefit only at her death; that she could not sell or mortgage it, but was putting that out of her power, and that the thing she was doing was exactly what she wanted to do.

It is true that the proofs do not show that complainant had independent advice, but the case is not one which comes within the rule of *Post* v. *Hagen, 71 N. J. Eq. 242.* Complainant was not dependent on defendant; they did not live together; he did not occupy a dominant position toward her; her mental capacity and her powers of volition and determination were strong and unimpaired, as the evidence shows, and, moreover, she did not strip herself of her means of support, because she retained the life estate, and the personal property consisting of household goods and farming implements, and had also the annuity of nine hundred dollars ($900). While a relationship of trust and confidence ex-

isted between them, it was not one where defendant occupied the dominant position, but rather the reverse; defendant's situation was that of a trusted employe, or a son of a still vigorous and independent parent. It is clear, also, that the case does not come within the rule of *Haydock* v. *Haydock*, *34 N. J. Eq. 570.* See *Pearce* v. *Stines, 79 N. J. Eq. 51,* where the several classes of cases are considered and distinguished.

The facts in the case at bar are nearly analogous to those in *Le Gendre* v. *Goodridge, 46 N. J. Eq. 419; affirmed, 48 N. J. Eq. 308,* in fact, they are even stronger in defendant's favor, for the evidence to my mind does not show that defendant was in a position to exercise a dominating influence.

There did exist, as I have said, an actual relation of trust and confidence between the parties, and, hence, the transaction is subject to the rule in *Hall* v. *Otterson, 52 N. J. Eq. 522,* casting upon defendant the burden of proof to show that no deception was practiced, no undue influence used, and that all was fair, open and voluntary and well understood. That burden, I think, he has sustained. The fact that complainant, apparently, as the result of statements and influence of others, subsequently changed her mind, cannot justify the setting aside of the completed gift.

The bill will be dismissed, under all of the circumstances. however, without costs.