LEHIGH VALLEY COAL SALES COMPANY, a corporation of New Jersey, complainant-appellant,

*v.*

BARNEY N. APTER, as administrator of the estate of Sanford Alboum, deceased, defendant-respondent.

[Argued October term, 1939. Decided January 25th, 1940.]

*Messrs. Lindabury, Depue & Faulks* (*Mr. William L. Dill, Jr.,* of counsel), for the complainant-appellant.

*Mr. Jacob Sonnabend (Mr. Abraham L. Friedman,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from a Chancery decree which dismissed the bill of complaint. The main purpose of the bill was to have the court determine the amount of money due the complainant from the estate of Sanford Alboum, deceased, and to impress a trust on certain moneys in the hands of the administrator of the estate.

During his lifetime, the decedent, Alboum, had been a coal dealer, purchasing his coal from the complainant, a wholesaler. Two separate accounts of Alboum's dealings with the complainant were kept; the first was confined to his purchases of coal for delivery to persons living in Newark who were "on relief," and the second, a general account for all other coal purchased.

In December, 1937, Alboum was indebted to complainant for coal delivered for both accounts. The complainant agreed to continue to deliver coal to him on credit providing he executed a particular assignment of his account with the city of Newark, *i. e.,* the account (or debt) that resulted from Alboum's delivery of coal to needy persons on the order of the city of Newark, which was done. Thereafter, on June 24th, 1938, Alboum died and Barney N. Apter, the named defendant, was appointed administrator. At that time there was due and owing to the complainant $3,251.36 on account of coal which had been sold to Alboum by complainant and by him delivered to some Newark residents who were on relief. The decedent was also indebted to the complainant on the general account. A verified proof of claim for the total amount, filed with the administrator, was rejected. The assignment to the complainant read that there was assigned "all right, title and interest in and to the account of Sanford Alboum to be created through the delivery of Newark relief coal during the period of December 1st, 1937, to March 31st, 1938," said coal to be supplied to Alboum by the complainant.

The learned vice-chancellor, at the conclusion of the case, dismissed the bill on the theory "that the assignment was an attempted circumvention of the provisions of the relief orders and of the statute and therefore contrary to public policy," citing *Cerino* v. *Van Orden, 98 N. J. Eq. 7; 129 Atl. Rep. 705; affirmed, 100 N. J. Eq. 339; 134 Atl. Rep. 916.* The statute which the vice-chancellor considered to be controlling—*R. S. 2:134-5*—reads as follows:

"Any person furnishing foodstuffs, fuel, clothing or other valuable thing to any unemployed or poor person, pursuant to a written order issued by any of the poor or emergency relief authorities of this state or of the several municipalities thereof, who shall do so in any manner or to any extent other than as specified in such order, or who shall furnish on account of any such order, foodstuffs, fuel, clothing or other valuable thing of a quality unfit for human consumption or use, or any person who shall purchase, sell, or offer for sale any such order contrary to the intent and purpose thereof, shall be guilty of a misdemeanor."

In our view, the assignment was neither contrary to the statute nor to the regulations imposed by the city of Newark in matters affecting relief, and thus the case of *Cerino* v. *Van Orden, supra,* upon which the learned court below relied, has no application to the facts here involved.

First, as to the statute, the acts of the complainant, we think, were entirely outside of its purview. It did not furnish fuel, &c., to any "unemployed or poor person" nor did it purchase relief orders. The complainant sold coal to Alboum who delivered same to the relief clients of the city of Newark on Newark's written order presented by them. The mischief at which the statute is aimed (either to prevent or to punish once done) is the trading or dealing in relief orders or the exploitation of the relief situation by supplying bad food or inferior merchandise to those in need. The assignment herein comprehended the account of Alboum with the city of Newark, *i. e.*, the moneys paid or to be paid by Newark to Alboum for the filling of relief orders. The act of the complainant, in requiring an assignment, violated neither the letter nor the spirit of the statute. Moreover, on its face the statute is penal in its nature and statutes of this

class must be strictly construed. *Allen* v. *Stevens, 29 N. J. Law 509* (at *p. 510*) ; *Slate* v. *Carr, 118 N. J. Law 233* (at *234*). Acts imposing a penalty should not be extended beyond their precise words. Further, it is a statute in derogation of the common law and such statutes must be precisely construed. *Schwartz* v. *King Really and Investment Co., 93 N. J. Law 112; affirmed, 94 N. J. Law 134; U. S. Casually Co.* v. *Hyrne, 117 N. J. Law 547; Wilentz* v. *Crown Laundry Service, Inc., 116 N. J. Eq. 40.* This is a universal canon of statutory construction.

Second, as to regulations: the regulation of the governing body of Newark regarding relief orders was not invaded or violated by the complainant. The pertinent regulation is "This order is not negotiable, cannot be transferred, assigned, sold or traded by either client or vendor. * * *" Obviously, the *order* for coal, in this case, was not traded or assigned; this regulation obviously was aimed at abuses that unfortunately arise when an order for food or merchandise delivered to a needy person is sold or exchanged. It is clear that this rule was not violated by complainant. There is a further regulation by the municipality that "Assignment or attachment of vendor's bills will not be recognized by the City of Newark." This restriction, of course, might be a bar to the complainant asserting its rights against moneys due Alboum in the hands of the municipality, but has nothing whatever to do with the complainant's rights as between it and Alboum. See *Burnett* v. *Jersey City, 31 N. J. Eq. 341, 352; Bridgeton National Bank* v. *Commercial Casualty Insurance Co., 119 N. J. Eq. 39.* It is clear that the money or debt is assignable even though the contract under which the money became due may not be.

The decree will be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Case, Bodine, Donges, Heher, Perskie, Porter, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ. 14.